The People of the State of New York, Respondent,
against
Trommie Daniels, Appellant.




New York City Legal Aid Society (E. Deronn Bowen of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from three judgments of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), rendered June 25, 2015. The judgments convicted defendant, upon his pleas of guilty, of public lewdness, criminal mischief in the fourth degree, and petit larceny, respectively, and imposed sentences.




ORDERED that so much of the appeal as is from the judgments convicting defendant of criminal mischief in the fourth degree and petit larceny is dismissed as abandoned; and it is further,
ORDERED that the judgment convicting defendant of public lewdness is reversed, on the law, and the accusatory instrument charging that offense is dismissed.
Defendant was charged in an accusatory instrument with public lewdness in violation of Penal Law § 245.00 (b) (now Penal Law § 245.00 [b] [i]), in that, at approximately 3:00 p.m. on June 19, 2015, in a holding cell inside the 121st police precinct in Staten Island, defendant had been observed via a live video with his "penis out of his pants while [he] was manipulating his penis with his hand."
On June 25, 2015, defendant appeared with counsel in Criminal Court on three dockets, charging him with the aforementioned public lewdness (Penal Law § 245.00 [b]), criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and petit larceny (Penal Law § 155.25), [*2]respectively. Defendant agreed to accept the court's offer of pleas to all three dockets, with concurrent sentences of 75 days of incarceration. Defendant waived prosecution by information.
While defendant appealed from all three judgments of conviction, his brief on appeal raises issues only with respect to the judgment convicting him of public lewdness. Defendant contends, among other things, that the accusatory instrument charging him with public lewdness "contained insufficient facts to establish" that he had violated the statute, i.e., that he had "acted in a lewd manner, intended that his actions be observed by others, and was readily observed from either a public place or from another private premises." Specifically, defendant contends that the allegation that he manipulated his penis with his hand was not a lewd act, as "manipulation" of a penis may be done for "a variety of non-sexual activities."
Defendant further argues that the intent to "be so observed" element of public lewdness pursuant to Penal Law § 245.00 (b) was insufficiently alleged, and, thus, the reasonable cause requirement was not met. There was no allegation that there were people in the area of the holding cell, that other officers or detainees could see him, or even that defendant knew or should have known that there was a camera in the holding cell that was providing a live video feed. Nor, he argues, did the allegations in the accusatory instrument support an inference that defendant was motivated by the goal of having other people observe his allegedly lewd manipulations. Finally, defendant contends that the accusatory instrument failed to allege that he had been readily observable from "either a public place or from other private premises" (Penal Law § 245.00 [b]), i.e., different from where the allegedly lewd conduct had been occurring.
The People agree that the accusatory instrument did not sufficiently allege defendant's intent to be observed. The accusatory instrument "offered no details suggesting that defendant intended to have an audience." The People also acknowledge that, on the facts alleged, there was no basis to conclude that defendant had been facing outward, which would have allowed the conclusion that he had intended to be seen; that there was no basis to conclude that defendant had known of the camera; and that all that was alleged was that defendant had been seen on a video feed while in the holding cell. Subdivision (b) of Penal Law § 245.00 prohibits the exposure of the private or intimate parts of the actor's body in a lewd manner with the intent that he be so observed. Such intent is an element of the crime "in cases involving private premises, not public places" (see People v McNamara, 78 NY2d 626, 630 [1991]). While intent can often be inferred from a defendant's conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]), intent cannot be inferred in this case. As the People correctly concede, there is nothing in the accusatory instrument from which it can be inferred that defendant had intended to be observed. The accusatory instrument does not allege that defendant knew that there was a video camera in the holding cell.
Accordingly, so much of the appeal as is from the judgments convicting defendant of criminal mischief in the fourth degree and petit larceny is dismissed as abandoned. The judgment convicting defendant of public lewdness is reversed and the accusatory instrument charging that offense is dismissed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 17, 2018